UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., and Fenchem Biotek Ltd, <br><br>  Plaintiffs, <br><br> v. <br><br> United States. | Court No. 24-00180 <br><br> Complaint |

## COMPLAINT

Plaintiffs Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., and Fenchem Biotek Ltd by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the countervailing duty order and final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 investigation of *Pea Protein from the People's Republic of China*, *Federal Register* notice published as *Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders* at 89 Fed. Reg. 68,390

(August 26 , 2024).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., and Fenchem Biotek Ltd, are Corporations organized under the laws of the People's Republic and/or Hong Kong. Plaintiffs produced and/or exported Pea Protein in the People's Republic and exported the same to the United States. All parties were active participants in the Department of Commerce countervailing duty investigation and plaintiff Zhaoyuan Junbang Trading Co., Ltd was designated as a mandatory respondent in the investigation.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on

September 24, 2024, which was within thirty days after the date of the publication of the order in the *Federal Register.* Plaintiffs are filing this complaint on October 23, 2024, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On August 7, 2023 the Department initiated this matter in response to the petition filed by the U.S. domestic industry on July 12, 2023. See *Certain Pea Protein from the People's Republic of China: Initiation of Countervailing Duty Investigation,* 88 Fed. Reg. 52116 (August 7, 2023).

8. Between August 14, 2023 and January 11, 2024, plaintiffs submitted responses to the Department's questionnaires.

9. On December 18, 2023 the Department published the preliminary results as *Certain Pea Protein From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, and Alignment of Final Determination With Final Antidumping Duty Determination.* 88 Fed. Reg. 87403 (December 18, 2023). Plaintiff Jungbang was assigned a rate of 15.09% and the other plaintiffs were assigned the all-others rate of 15.78%.

10. On April 30, 2024, plaintiff Junbang as well as the U.S. domestic

industry, filed administrative case briefs with the Department of Commerce challenging the preliminary results.

11. On May 8, 2024 plaintiff Junbang and the domestic industry filed administrative rebuttal briefs with the Department of Commerce,

12. On June 28, 2024 the Department issued the final results. On July 5, 2024, these results were published in the Federal Register as *Certain Pea Protein from the People's Republic of China: Final Affirmative Countervailing Duty Determination and Final Affirmative Critical Circumstances Determination* at 89 Fed. Reg. 55557 (July 5, 2024). In the final results the Department assigned a rate of 15.15% to plaintiff Zhaoyuan Junbang Trading Co., Ltd. and am "all others" rate for the other plaintiffs of 15.84%.

13. On August 26, 2024, the Department published the countervailing duty order in the Federal Register as *Certain Pea Protein from the People's Republic of China: Antidumping and Countervailing Duty Orders* at 89 Fed. Reg. 68,390 (August 26 , 2024)

## STANDARD OF REVIEW

14. The standard of review of a final determination made by the Department of Commerce in a countervailing duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the

4

record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

15. Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down the concept of *Chevron* deference, the ultimate interpretation of the statute is left to the Court.

16. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

18. The Department's improperly took adverse inferences with respect to the Export Buyer's Credit program.

19. The Department failed to identify any deficiencies in its response with respect to this program and failed to provide Junbang an opportunity to resolve such deficiencies.

### COUNT TWO

20. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein

25. The Department's selected AFA rate for the Export Buyer's Credit was excessive.

26. The Department's selected AFA rate for the Export Buyer's Credit was contrary to the facts of the investigation and such rate was discredited in other reviews and investigations.

## COUNT THREE

27.   The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

28.   The Department used the wrong denominator for certain programs, selecting benefits from one period of time and the sales for a different period of time.

29.   The Department, in its calculations, erred when it did not use the same period for sales and benefits.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to three of plaintiffs' complaint;
2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;
3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                        Respectfully submitted,

                        /s/ David J. Craven


David J. Craven
Counsel to Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., and Fenchem Biotek Ltd, Jian

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
dcraven@craventrade.com

Date October 22, 2024